IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

```
                              )
IN RE                         )
                              )
JOHN W. SMALL, JR.,           )   CASE NO. 07-80596-G3-7
                              )
      Debtor,                 )
                              )
```

MEMORANDUM OPINION

The court has held a hearing on the "Trustee's Objection to Debtor's Exemptions and Motion for Turnover" (Docket No. 33). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

John W. Small, Jr. ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on November 8, 2007. Robbye R. Waldron is the Chapter 7 Trustee.

In the instant objection to exemptions, Trustee seeks a determination that an interest listed by Debtor as "1/2 interest in Gingerbread House antiques $35,000" is not exempt. Trustee also seeks an order directing that Debtor turn over all non-exempt property to Trustee.

On November 20, 2007, Debtor filed his initial schedules. In his initial schedule B, Debtor lists ownership of "1/2 interest in Gingerbread House antiques (ownership disputed)". Debtor claims the property as exempt pursuant to Texas Property Code §§ 42.001(a), 42,002(a)(1). (Docket No. 9).

On April 17, 2008, Debtor filed an amended schedule C, purporting to claim "1/2 interest in Gingerbread House antiques (value disputed)" as exempt to the extent of $10,600, pursuant to 11 U.S.C. § 522(d)(5). (Docket No. 36).

Prior to the filing of the petition in the instant case, Murriah McMaster filed a divorce petition against Debtor, in the County Court at Law No. 1, for Galveston County, Texas. McMaster has asserted, in Adversary No. 08-3150, that she was married to Debtor under the common law from 1991 through 2004. (Docket No. 1, Adv. No. 08-3150). In his answer, filed in Adversary No. 08-3150, Debtor has denied that he was married to McMaster, and asserts that he married Aiskel Alvarez Small during 1999. (Docket No. 6, Adv. No. 08-3150).[1]

On January 3, 2008, McMaster moved for relief from the automatic stay in the instant case, in order to prosecute the divorce proceeding. (Docket No. 14). The motion was granted in part by entry of an agreed order entered February 15, 2008. The

---

[1] In Adversary No. 08-3150, McMaster contends that Debtor's discharge should be denied, or alternatively that Debtor's debt to McMaster should be excepted from discharge.

order provides in pertinent part:

> 1. The automatic stay is modified to allow the entry of a judgment by the County Court at Law No. 1 of Galveston County, Texas consistent with the evidence and the jury verdict entered in Cause No. 04FD2562.
>
> * * *
>
> 2. The automatic stay is further modified to allow the County Court at Law No. 1 of Galveston County, Texas to (i) enter a divorce between the debtor and Murriah S. McMaster; (ii) to determine the amount of any future support owed by the debtor to Murriah S. McMaster so long as such support is paid from the future earnings of the debtor and not from property of the bankruptcy estate; (iii) to determine the amount of any monetary damage claim held by Murriah S. McMaster against the Debtor; (iv) enter any other order against any non-debtor parties.
>
> 3. The County Court at Law No. 1 of Galveston County, Texas may allocate the community estate between the debtor and Murriah S. McMaster. Notwithstanding the foregoing, all community property is property of the bankruptcy estate and shall be delivered to Robbye R. Waldron, chapter 7 trustee. It is agreed that all property that is the subject of the jury verdict and the divorce proceeding is either community property or the debtor's separate property, save and except the real property located at 2901 Broadway.
>
> 4. Any party in Cause No. 04FD2562 may prosecute an appeal of the orders and/or judgments of the County Court at Law No. 1 of Galveston County, Texas.
>
> 5. All other relief is denied.

(Docket No. 31). The agreed order bears the signatures of counsel for McMaster, Trustee, and Debtor.

The verdict returned by the jury in the County Court at Law No. 1 of Galveston County, Texas is not in evidence with respect to the instant objection to exemptions.

3

Debtor testified that Murriah McMaster began operating the Gingerbread House Antiques business in 1996, shortly before she moved out of Debtor's home.  He testified that he has not had any role in operating the business.  He testified that he provided the funds to purchase some antiques, from 1996 through 1998.

Debtor testified that he has not had possession, custody, or control of any of the antiques.  He testified that most of the antiques are located at a house located at 2901 Broadway, Galveston, Texas.  He testified that McMaster operates the Gingerbread House Antiques business and resides at the property.  He testified that the property, which was formerly owned by Debtor's son, is now owned by a third party.  Debtor testified that he and the third party owners of the property located at 2901 Broadway are prohibited from entering the property, pursuant to a restraining order entered by the divorce court.

Debtor testified that the jury in the divorce proceeding found that the antiques are community property.  He testified that the County Court at Law No. 1 of Galveston County, Texas has not entered a judgment.

In Debtor's schedule B, Debtor lists as non-exempt assets an interest in a business entity listed as "The Florida Boat Yard," and two vessels, identified as "Raj" and

"Pappagallo."  As to each of these three assets, Debtor stated in his schedules that he contends he has no interest in the property, but a jury verdict to the contrary has been entered. Debtor's listing for each of these assets identifies the dispute as that pending in Cause No. 04FD2562, the divorce proceeding. (Docket No. 9).

Debtor also lists as a non-exempt asset an interest in Impulse International Corp.  Debtor does not state any dispute as to this interest.  (Docket No. 9).

Debtor also lists as a non-exempt asset $25 million in offshore accounts.  Debtor states that he has no funds in offshore accounts, but states that the jury in Cause No. 04FD2562 found that he owned an interest in $25 million in offshore accounts.  (Docket No. 9).

Debtor testified at the hearing on the instant objection to exemptions that he was wearing a wedding ring, from the marriage to Aiskel Alvarez Small, and a watch.  He testified that he omitted these items from his schedules.

## Conclusions of Law

Interim Bankruptcy Rule 4003(c) provides that, in any hearing on an objection to exemptions, "the objecting party has the burden of proving that the exemptions are not properly claimed.  After hearing on notice, the court shall determine the issues presented by the objections."

Section 522(d)(5), as of the petition date in the instant case, allows a debtor to exempt the debtor's aggregate interest in any property, not to exceed in value $1,075 plus up to $10,125 of any unused amount of the exemption provided in Section 522(d)(1).[2]

The Bankruptcy Code places an affirmative duty on the debtor to truthfully and accurately schedule his assets.  In re McLain, 516 F.3d 301 (5th Cir. 2008).  Only property of the bankruptcy estate may be exempted from the estate by the debtor.  In re Luongo, 259 F.3d 323 (5th Cir. 2001).  Under Section 541 of the Bankruptcy Code, all legal and equitable interests of the debtor in property as of the commencement of the case are property of the bankruptcy estate.

Section 521(a)(1)(B)(i) of the Bankruptcy Code requires that a debtor file a schedule of assets and liabilities.  Interim Bankruptcy Rule 1007(b)(1)(A) requires that the schedule of assets and liabilities be prepared as prescribed by the appropriate Official Form.  Official Form 6B prescribes the form of Schedule B, addressing personal property.

Local Bankruptcy Rule 1007(b) provides that "[i]n individual or joint cases, Schedules B and C of Official Form 6

---

[2] In the instant case, Debtor has not claimed an exemption under Section 522(d)(1), so the entire residual property exemption in Section 522(d)(5) appears to be available to him. Debtor has claimed as exempt $600 in cash, leaving $10,600 of the residual exemption to apply to Debtor's interest, if any, in the assets of Gingerbread House Antiques.

must contain a detailed inventory of the debtor's personal property, with each item valued separately."

The instructions for Official Form 6B (which were omitted from the copy of Schedule B filed by the Debtor in the instant case) direct the preparer to "list all personal property of the debtor of whatever kind....If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

Under Interim Bankruptcy Rule 1009(a), a schedule may be amended by the debtor as a matter of course at any time before the case is closed.  The amendment of Schedule C effects an amendment to the property claimed as exempt, as long as the exemptions are not amended in bad faith or in prejudice to creditors.  In re Williamson, 804 F.2d 1355 (5th Cir. 1986); In re Sandoval, 103 F.3d 20 (5th Cir. 1997).

If a debtor fails to accurately schedule assets, those assets remain property of the bankruptcy estate, and do not revest in the debtor upon discharge.  In re McLain, 516 F.3d 301 (5th Cir. 2008).

Trustee argues that the court should infer bad faith on the part of Debtor, and thus disallow any further amendment, based on 1) Debtor's amendment to select federal exemptions rather than the state exemptions; 2) Debtor's alteration of the

7

description of the antiques' status from "ownership disputed" to "value disputed;" and 3) Debtor's omission from the schedules of his wedding ring and watch.

In the instant case, as to each of the items in dispute with respect to the instant objection to exemptions, Debtor placed a "C" in the column labeled "Husband, Wife, Joint, or Community." However, in light of the contentions of the parties, this labeling is ambiguous. Debtor contends that by checking the column "C," he intended to refer to the community created by his marriage to Aiskel Alvarez Small, while Trustee asserts that by checking the column "C," Debtor intended to refer to the community created by Debtor's purported common-law marriage to Murriah McMaster.

There is a pending state court proceeding to determine the respective property interests of Debtor, McMaster, and third parties. This court has previously lifted the stay in part, as set forth above, to permit the state courts to make their determinations as to whether Debtor and McMaster were in fact married, and the proper resulting property rights of the parties.

In the instant case, Debtor attempted to accurately list his interests in property, as determined by the jury in the divorce proceeding, and to identify for this court's consideration the pending dispute. It is clear, however, that Debtor has not listed all his assets (including his wedding ring

8

and watch).  There is not sufficient evidence in this matter on the question of whether Debtor owned any interest in the assets of the Gingerbread House Antiques on the petition date.  Under Bankruptcy Rule 1009(a) and Local Bankruptcy Rule 1007(b), Debtor must amend the schedules to reflect his interest in the omitted property, and to provide a detailed inventory of Debtor's personal property.[3]

In the interim, in granting in part the requested relief from stay, this court directed that all community property be turned over to the trustee's possession.  The evidence with respect to the instant objection to exemptions has revealed that this court's order partially granting relief from the automatic stay is ambiguous.  Accordingly, the court will stay the effectiveness of that portion of its previous order, pending a final determination by the state courts as to the relative property rights of the parties.

As to the request for turnover, Debtor has testified that he is prohibited from entering the premises in which he testified the antiques are kept.  This court will not order, at this time, that Debtor turn over to the Chapter 7 Trustee items that are not within his control, and in which he may not have an interest.  However, as to Debtor's interest in Impulse

---

[3] The court notes that, as Debtor states that he is presently married to Aiskel Alvarez Small, he may wish to amend his schedules of property declared as exempt, in order to seek to exempt his wedding ring.

International Corp., Debtor must turn over that interest to the Trustee, unless he amends his Schedule C within the period of time set by this court, and that amendment redefines his rights as to Impulse International Corp.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on June 5, 2008.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE